UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELMER FRAZIER, ) | |
| ) | |
| Plaintiff, ) | Case No. 19 C 7591 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| RONNY STURM STAR #11012, and ) | |
| the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Elmer Frazier filed a complaint against defendants Ronny Sturm and the City of Chicago alleging two claims: (I) unlawful stop, search, seizure, arrest, and prosecution; and (II) state law indemnification. Sturm and the City move to dismiss Count I of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, the Court denies defendants' partial motion to dismiss.

**Background**

The Court takes the following facts from the complaint as true for purposes of this motion. Elmer Frazier ("Frazier") is an African-American male who is approximately 55 years old and resides in Chicago, Illinois. Ronny Sturm ("Sturm") is a police officer employed by the City of Chicago. The City of Chicago is a municipal corporation.

According to Frazier, on or about November 18, 2017, he was driving his car when Sturm stopped and detained him without reasonable suspicion or probable cause. Frazier further alleges that after Sturm stopped him, Sturm searched his car without a warrant or probable cause and broke into Frazier's glove compartment where Sturm seized an unloaded firearm.

Frazier states Sturm handcuffed and arrested him for a misdemeanor charge of unlawful use of a weapon. He further asserts Sturm issued tickets to him for traffic offenses. Sturm then took

Frazier to the police station where Frazier was held for approximately 12 hours before being released on bond. Frazier also states his misdemeanor charge for unlawful use of a weapon was dismissed on December 7, 2017, alleging it was dismissed in a manner indicating he was innocent of the charge.

Frazier filed the present complaint on November 18, 2019, asserting Sturm violated his civil rights as protected by the Constitution and the laws of the United States under 42 U.S.C. § 1983. As a direct and proximate result of Sturm's aforementioned conduct, Frazier alleges he suffered physical injuries; suffered mental distress and anguish; and suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

In their motion, defendants argue that Frazier is advancing a federal malicious prosecution claim and that any such claim is foreclosed by *Manuel v. City of Joliet, Ill. (Manuel II)*, 903 F.3d 667 (7th Cir. 2018). In his response to defendants' motion, Frazier clarified that he is bringing a wrongful

2

detention claim – not a malicious prosecution claim. He bases his claim on the unlawful stop, search, and seizure that resulted in his arrest and prosecution. Frazier further explains that he added allegations of his prosecution and its outcome to provide background information regarding the plausibility of this claim. Because Frazier concedes he is not bringing a federal malicious prosecution claim, the Court turns to whether Frazier has plausibly alleged his Fourth Amendment wrongful detention claim under the federal pleading standards.

By way of background, prior to the Supreme Court's decision in *Manuel v. City of Joliet, Ill.* (*Manuel I*), ___ U.S. ___, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017), the Seventh Circuit held that "once detention by reason of arrest turns into detention by way of arraignment – once police action gives way to legal process – the Fourth Amendment falls out of the picture and the detainee's claim that the detention is improper becomes a claim of malicious prosecution violative of due process." *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019) (quoting *Llovet v. City of Chicago*, 761 F.3d 759, 763 (7th Cir. 2014)). In *Manuel I*, the Supreme Court held "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Id.* at 920. In other words, "*Manuel I* abrogated our circuit precedent foreclosing Fourth Amendment claims for unlawful pretrial detention after the initiation of formal legal process." *Mitchell v. City of Elgin*, 912 F.3d 1012, 1015 (7th Cir. 2019); *see also Williams v. Dart,* ___ F.3d ___, 2020 WL 4217764, at *3 (7th Cir. July 23, 2020) ("If plaintiffs' custody was wrongful, it was the Fourth Amendment that made it so").

On remand from the Supreme Court, the Seventh Circuit in *Manuel II* clarified that "'Fourth Amendment malicious prosecution' is the wrong characterization" because there "is only a Fourth Amendment claim – the absence of probable cause that would justify the detention." *Manuel II*, 903 F.3d at 670 ("there is no such thing as a constitutional right not to be prosecuted without probable cause."). Accordingly, after *Manuel I* and *Manuel II*, in order to adequately allege a Fourth

3

Amendment unlawful detention claim, a plaintiff must allege sufficient facts raising his right to relief above the speculative level that he was detained without probable cause.

"The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the officer at the time he acts." *Carmichael v. Village of Palatine*, 605 F.3d 451, 456-457 (7th Cir. 2010). Here, Frazier alleges that Sturm had no reasonable suspicion or probable cause for the traffic stop. Indeed, there is nothing in the complaint that would give Sturm a basis for stopping Frazier. Moreover, from the facts alleged, Sturm did not have a warrant or probable cause to believe that Frazier's car contained evidence of a crime or contraband. *See United States v. Williams*, 627 F.3d 247, 251 (7th Cir. 2010). Therefore, there was no probable cause to search Frazier's car.

In addition, Sturm's allegedly unlawful search uncovered Frazier's unloaded gun in his glove compartment, yet Sturm did not have probable cause to arrest Frazier for the unlawful use of a weapon because having an unloaded gun in a glove compartment is not a crime in Illinois. *See People v. Diggins*, 919 N.E.2d 327, 332-33, 335 Ill. Dec. 608, 235 Ill.2d 48 (2009); *see also United States v. Haldorson*, 941 F.3d 284, 290 (7th Cir. 2019) ("an officer may make a warrantless arrest consistent with the Fourth Amendment if there is 'probable cause to believe that a crime has been committed.'") (citation omitted). Last, there is no indication from the complaint that a probable cause determination was made while Frazier was detained for 12-hours after his arrest. *See Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

Under these facts, Frazier has plausibly alleged his Fourth Amendment unlawful detention claim based on the lack of probable cause. *See Iqbal*, 556 U.S. at 678 (complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

4

**Conclusion**

For the forgoing reasons, this Court denies defendants' partial motion to dismiss [13].

IT IS SO ORDERED.

Date: 7/27/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge